UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA A. MCCOLM,

    Plaintiff,

    v.

A. KHALID ANBER, et al.,

    Defendants.
_____/

No. C 06-07369 PJH

**ORDER**

    The court is in receipt of a request from plaintiff that the court "cancel" the demand by the Clerk's Office that she pay the $350 filing fee and a $45 processing fee in this case.

    Plaintiff originally sought leave to proceed in this action in forma pauperis. On December 12, 2006, the court dismissed the complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim. The court granted leave to amend, and advised plaintiff that the action would be dismissed if she failed to file an amended complaint by the stated deadline.

    On January 22, 2007, the day the amended complaint was due, plaintiff filed a "notice of withdrawal" of her IFP application, and paid the $350 filing fee by personal check. The next day, January 23, 2007, the court issued an order stating that plaintiff was "free to withdraw her IFP request and pay the filing fee," but that the court had "already reviewed the original complaint and [had] issued an order dismissing it for failure to state a claim." The court stated further that plaintiff would be given one additional week to file the amended complaint, and that the action would be dismissed if plaintiff did not file the

amended complaint by January 29, 2007.

On January 29, 2007, plaintiff requested additional time to file the amended complaint. She also filed a "notice of non-payment of filing fee." However, instead of requesting a refund of the filing fee, she put a stop payment on the check. The check was then returned to the court, unpaid, by the bank.

On January 30, 2007, the court granted plaintiff a second one-week extension on the due date for filing the amended complaint. The court again cautioned plaintiff that the action would be dismissed if she failed to file an amended complaint by the due date. On February 7, 2007, the court dismissed the action and issued a judgment.

Because plaintiff never requested a refund of the $350 filing fee, she still owes that sum to the court. In addition, she now owes an additional $45 processing fee because of the expense the court incurred as a result of the return of the check by the bank.

In view of the totality of the circumstances and in light of the fact that the action has been dismissed, the court finds that the $350 filing fee should be waived. However, plaintiff is still responsible for paying the $45 processing fee, because it was her choice to direct her bank to stop payment on the check, rather than requesting the court to issue a refund of the filing fee.

Plaintiff is hereby further advised that the court will no longer accept her personal check in payment of any fee.

**IT IS SO ORDERED.**

Dated: February 16, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge