**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PATRICIA A. MCCOLM,

        Plaintiff,

    v.

A. KHALID ANBER, et al.,

        Defendants.

_____/

No. C 06-7369 PJH

**ORDER DENYING MOTION
FOR RECONSIDERATION AND
MOTION TO AMEND JUDGMENT**

On December 12, 2006, the court dismissed the complaint in the above-entitled action pursuant to 28 U.S.C. § 1915(e), for failure to state a claim.  The court found that plaintiff failed to provide a "short and plain statement of [each] claim" showing that she was entitled to relief, as required by Federal Rule of Civil Procedure 8(a).  The court found further that the allegations in the complaint failed to put defendants on notice of the claim or claims asserted against each of them, because plaintiff failed to allege any specific claim against any specific defendant.  In addition, the court found that the complaint failed to state a claim under any of the asserted causes of action (which, in addition, were not set forth in "separate counts," as required by Federal Rule of Civil Procedure 10(b)).

The court granted leave to amend, and provided plaintiff with detailed instructions regarding the amendment of the complaint as a whole, and the amendment of each cause of action alleged.  The court subsequently granted two extensions on the due date for the filing of the amended complaint.  On February 7, 2007, plaintiff having failed to file an amended complaint, the court dismissed the action.

United States District Court
For the Northern District of California

1   Plaintiff now seeks reconsideration of the order dismissing the complaint, and

2   amendment of the judgment, pursuant to Federal Rule of Civil Procedure 59(e) and 60(b).

3   The request is DENIED.[1]

4   The Federal Rules of Civil Procedure do not expressly allow for motions for

5   reconsideration.  Nevertheless, a motion for reconsideration of judgment may be brought

6   under either Rule 59(e) or Rule 60(b).  See Hinton v. Pacific Enter., 5 F.3d 391, 395 (9th

7   Cir. 1993) (motion for reconsideration of summary judgment is appropriately brought under

8   either rule).[2]

9   A district court has considerable discretion when considering a motion to amend a

10  judgment under Rule 59(e).  McDowell v. Calderon, 197 F. 3d 1253, 1254 n.1 (9th Cir.

11  1999).  A Rule 59(e) motion may be granted if 1) the motion is necessary to correct

12  manifest errors of law or fact upon which the judgment is based; 2) the moving party

13  presents newly discovered or previously unavailable evidence; 3) the motion is necessary

14  to prevent manifest injustice; or 4) there is an intervening change in controlling law.  Turner

15  v. Burlington Northern Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

16  Plaintiff does not argue that reconsideration is warranted by virtue of newly

17  discovered or previously unavailable evidence, or by virtue of an intervening change in

18  controlling law.  She appears to be arguing that the motion should be granted either on

19  grounds (1) or (3), above – to correct manifest errors of law or fact upon which the

20  judgment is based, or to prevent manifest injustice.

21  Plaintiff argues that reconsideration is warranted for six reasons.  She asserts that

22  (1) the  original complaint states a cause of action sufficient for "initial right to proceed in

23  forma pauperis;" (2) legal and factual error by the court; (3) the judgment is "void" because

24  _____

25  [1] The court finds the motion to be appropriate for decision without oral argument.  See
    Civil L.R. 7-1(b); see also Partridge v. Reich, 141 F.3d 920, 926 (9th Cir. 1998); Lake at Las
26  Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp., 933 F.2d 724, 729 (9th Cir. 1991).

27  [2] The Civil Local Rules of this court also provide for motions for reconsideration,
    "[b]efore the entry of a judgment adjudicating all of the claims and the rights and liabilities of
28  all the parties in a case."  Civ. L.R. 7-9(a).  In this case, however, the judgment has been
    entered, and the local rule therefore does not apply.

2

United States District Court

For the Northern District of California

"no judgment should issue on an IFP application denial as such is not on the merits;" (4) "medical impossibility to meet insufficient time imposed by court to amend;" (5) mistake, inadvertence, surprise, impossibility, excusable neglect, fraud;" and (6) appearance of "judicial/clerical bias." The court finds that none of these arguments is meritorious.

Plaintiff first argues that the court erred in dismissing the original complaint under § 1915(e) because the facts alleged in the complaint "clearly constitute viable causes of action" for "breach of warranty of habitability" under California Civil Code § 1941.1(b)(c). She also claims that the facts sufficiently alleged "a breach of contract re implied warranty of habitability as to housing contracts; and specifically for a Section 8 contract," because of alleged "defects which cause personal injury and loss of quiet enjoyment as to the tenant plaintiff as here." Thus, she asserts, the court was "wrong" to dismiss the cause of action for breach of contract.

However, the complaint did not allege a cause of action for violation of Civil Code § 1941.1(b)(c), and did not mention "breach of warranty of habitability." Nor did the complaint indicate in any way what facts supported the claim of breach of contract. The complaint did allege that "defendants" refused to clean the carpet and floor following damage from a broken pipe; refused to correct repetitive flooding into plaintiff's unit from Unit 200; and refused to treat the pest problem. These facts might be used to support a claim of breach of warranty of habitability, and plaintiff could have so alleged in an amended complaint, assuming she also identified the defendants against whom the claim was being asserted.

Nevertheless, she did not do so, and the court is under no obligation to attempt to articulate what causes of action plaintiff may have intended to assert – particularly where, as here, plaintiff, who routinely identifies herself as a "J.D." on court filings, has extensive experience in filing lawsuits in both state and federal court. See, e.g., McColm v. Westwood Park Assoc., 82 Cal. App. 4th 1211 (1988).

It is true that pleadings of pro se litigants are held to less rigid standards than those drafted by attorneys. See Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, even

United States District Court

For the Northern District of California

1   pro se pleadings "must meet some minimum threshold in providing a defendant with notice

2   of what it is that it allegedly did wrong." Brazil v. United States Dep't of Navy, 66 F.3d 193,

3   199 (9th Cir. 1995). Conclusory allegations without supporting facts are insufficient to state

4   a claim. See Fields v. Legacy Health Sys., 413 F.3d 943, 950 n.5 (9th Cir. 2005). Courts

5   should not assume the role of advocate for the pro se litigant. See Hall v. Bellmon, 935

6   F.2d 1106, 1110 (10th Cir. 1991).

7        Plaintiff also argues that the facts alleged in the complaint state viable causes of

8   action for "related torts seeking damage for personal injury" and for "other equitable relief

9   as more fully set forth in the complaint." Plaintiff submits that the "related torts" may be

10  "gleaned from the facts stated," and that they include

12        tortious failure to provide habitable premises, damages for negligence for
          failure to maintain the premises in a habitable condition, damages for
13        nuisance for defective conditions constituting nuisance, endangering plaintiff's
          life, limb, health, property, safety or welfare and impeding comfortable use of
14        the premises and specifying facts regarding same including the injury by pest
          infestation causing Grover's disease, where the owner and managers were
15        required by law to abate the nuisance, but failed to do so causing plaintiff the
          damage stated.

16  To the extent that any of those claims were alleged in the complaint, the court addressed

17  them in detail, explained as to each why the complaint failed to state a claim, and gave

18  explicit instructions regarding amendment of each such cause of action.

19        Under 28 U.S.C. § 1915(e), "the court shall dismiss the case at any time if the court

20  determines that . . . the action . . . fails to state a claim on which relief may be granted." 28

21  U.S.C. § 1915(e)(B)(ii) (emphasis added). Thus, § 1915(e), which applies to all IFP

22  complaints, "not only permits but requires a district court to dismiss an in forma pauperis

23  complaint that fails to state a claim." Lopez v. Smith, 203 F.3d 1122, 1126-27 & n.7 (9th

24  Cir. 2000).

25        In this case, the court found, for various reasons, that each cause of action alleged,

26  as well as the complaint as a whole, failed to state a claim. Thus, the court was required to

27  dismiss the complaint. However, the dismissal was with leave to amend, because, as to at

28  least some of the causes of action, it was possible that the defective pleading could be

**United States District Court**
For the Northern District of California

1  cured by the allegation of other facts.  See id. at 1127.  Nevertheless, plaintiff failed to file

2  an amended complaint.

3          Plaintiff's second ground for seeking relief from the judgment is that the court

4  committed legal and factual error.  The basis of this argument is not entirely clear.  Plaintiff

5  asserts that "the court appears to be ignorant of the facts and law attendant to the San

6  Francisco Police Code cited in the complaint."  However, as the court pointed out in the

7  December 12, 2006, order, the complaint alleged violations of the San Francisco Police

8  Code, but did not specify the section plaintiff claimed had been violated, and did not state

9  facts supporting such a claim.

10         Plaintiff asserts further that "anyone who knows the constant pain, scratching and

11 medical detriment from a pest infestation and Grover's Disease stated in the complaint . . .

12 should have concluded that such failure to abate the nuisance/pest infestation" caused

13 plaintiff to suffer "extreme constant outrageous conditions" sufficient for a claim of

14 intentional infliction of emotional distress.  Plaintiff did allege a claim of intentional inflection

15 of emotional distress in the complaint, but, as the court noted in the December 12, 2006,

16 order, did not state what caused the emotional distress, and did not plead any facts that

17 directly supported the claim of intentional infliction of emotional distress.

18         In particular, contrary to her suggestion in the motion for reconsideration, plaintiff

19 alleged no facts suggestive of "constant pain, scratching and medical detriment from a pest

20 infestation and Grover's Disease."  The only mention of the pest problem was the allegation

21 that "defendants" had refused to "treat the noticed pest problem or agree with

22 accommodations requested pertaining thereto in addition to the noise and air pollution

23 problems."  The only mention of Grover's Disease was the allegation that "as a result of the

24 misconduct of the defendants herein" she was "injured to suffer disabling Grover's

25 Disease."

26         In the order dismissing the complaint, the court set forth the elements of a claim of

27 intentional infliction of emotional distress, pointed out that it was not clear what actions of

28 which defendants were alleged to have caused the emotional distress, and also indicated

United States District Court

For the Northern District of California

1  that there were no factual allegations supporting the inference that the emotional distress

2  was of such severity that no reasonable person in a civilized society should be expected to

3  endure it.  Plaintiff was given leave to amend to state a claim, but failed to do so.

4  Plaintiff also contends that the facts alleged constitute an unlawful business practice

5  in violation of California Business and Professions Code §§ 17200, et seq.  Again,

6  however, plaintiff did not assert a cause of action under the Business and Professions

7  Code.  Nor did she use the words "unlawful business practice" anywhere in the complaint,

8  or any words that could be interpreted as stating a claim of unlawful business practice.

9  Although cognizant of its obligation to construe plaintiffs' complaint liberally, this

10  court will not assume that defendants have violated plaintiff's rights in ways that she has

11  not alleged.  See Assoc. Gen'l Contractors of Cal., Inc. v. Cal. State Council of Carpenters,

12  459 U.S. 519, 526 (1983).  Nor is the court required to supply essential elements of the

13  claims, where those elements were not initially pled.  See Ivey v. Board of Regents of

14  University of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

15  In her third argument, plaintiff contends that the judgment in this case is "void"

16  because "no judgment should issue on an IFP application denial as such is not on the

17  merits."  Plaintiff is incorrect.  It is the practice in this court to enter a judgment in every

18  case that is terminated except where the complaint is voluntarily dismissed, so that there

19  will be no dispute regarding the date that the time to appeal begins to run.  See Fed. R.

20  App. P. 4(a)(1), (7); Fed. R. Civ. P. 58(a)(1); see also Stephanie-Cardona LLC v. Smith's

21  Food and Drug Centers, Inc., __ F.3d __, 2007 WL 329139 at *1-2 (9th Cir., Feb. 6, 2007).

22  In her fourth argument, plaintiff asserts that it was medically impossible for her to file

23  the amended complaint by the deadline imposed by the court.  Her real argument,

24  however, appears to be that while she had time to draft lengthy requests for additional time

25  to file the amended complaint, and to draft complaints about the court's treatment of her

26  case, she did not have time to actually draft an amended complaint in this case, because

27  she was too busy litigating another case presently proceeding in this court, and in which

28  she is also the plaintiff.

6

**United States District Court**
For the Northern District of California

1   The December 12, 2006, order dismissing the complaint in the present action gave

2   plaintiff until January 20, 2007, to amend the complaint.  The court warned plaintiff that

3   failure to file the amended complaint by the due date would result in dismissal of the action.

4   Because the court inadvertently imposed a deadline that fell on a Saturday, the due date

5   for filing the amended complaint was January 22, 2007.

6   On January 22, 2007, plaintiff filed a document complaining that she required

7   additional time to complete the amended complaint.  The court granted plaintiff a one-week

8   extension, to January 29, 2007, again warning plaintiff that failure to file the amended

9   complaint would result in dismissal.  On January 29, 2007, plaintiff filed another document

10  asserting that she required more time to file the amended complaint.  On January 30, 2007,

11  the court issued an order granting plaintiff one additional week to file the amended

12  complaint.  The court again warned plaintiff that failure to file the amended complaint would

13  result in dismissal.  On February 6, 2007, plaintiff filed another document objecting to the

14  due date imposed by the court. When plaintiff failed to file an amended complaint on

15  February 7, 2007, the court dismissed the action.

16  The complaint was dismissed on December 12, 2006, and plaintiff had – with the

17  two extensions of time – until February 7, 2007, to file an amended complaint.  The court

18  warned plaintiff three times that failure to file an amended complaint would result in

19  dismissal of the action.  The December 12, 2006, order clearly explained the reasons for

20  the dismissal and informed plaintiff what was needed in the amended complaint.  The fact

21  that plaintiff was and is involved in litigating another lawsuit in this court was irrelevant to

22  the court's consideration of whether to dismiss the complaint under 28 U.S.C. § 1915(e),

23  and was also irrelevant in its determination that the action should be dismissed because

24  plaintiff failed to file an amended complaint.  It was plaintiff's choice to file this lawsuit

25  during the pendency of her other lawsuit, and the court does not make special

26  accommodations for litigants choosing to prosecute two lawsuits simultaneously.

27  Plaintiff's fifth argument is that the judgment should be vacated because of "mistake,

28  inadvertence, surprise, impossibility, excusable neglect, fraud."  This is simply a recitation

United States District Court

For the Northern District of California

1   of the grounds for amendment of judgment under Rule 60(b).[3]  Plaintiff has not explained

2   why any of these grounds is applicable in this case, and the court therefore does not

3   address the Rule 60(b) request.

4          Plaintiff's final argument is that reconsideration is warranted because of appearance

5   of "judicial/clerical bias."  Plaintiff asserts that if the court is "attempting to impose a

6   dismissal with res judicata effect as some unidentified sanction for filing the complaint,"

7   such an action is "indicia of bias."  She also argues that dismissal of an IFP complaint with

8   prejudice is a harsh sanction that should be resorted to only in extreme cases.

9          In Denton v. Hernandez, 504 U.S. 25 (1992), the Supreme Court noted that

10  dismissal under former § 1915(d)[4] "is not a dismissal on the merits, but rather an exercise

11  of the court's discretion under the the in forma pauperis statute."  Id. at 34.  The Court added

12  that "the dismissal does not prejudice the filing of a paid complaint making the same

13  allegations."  Id.  Put another way, a dismissal under former § 1915(d) "meant only that the

14  litigant may not file the complaint at government expense."  Bator v. State of Hawaii, 39

15  F.3d 1021, 1026 (9th Cir. 1994).

16         Section 1915 was amended in 1996.  As part of that amendment, former subsection

17  (d) was redesignated as subsection (e), and provisions were added directing dismissal

18  where the case fails to state a claim or seeks monetary relief from a defendant immune

19  from such relief.  See 28 U.S.C. § 1915(e)(2), and Historical and Statutory Notes.

20

21         [3]  Rule 60(b) permits the court to relieve a party from a final judgment on grounds of

22  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered
    evidence which by due diligence could not have been discovered in time to move
23  for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated
    intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
24  (4) the judgment is void; (5) the judgment has been satisfied, released, or
    discharged, or a prior judgment upon which it is based has been reversed or
25  otherwise vacated, or it is no longer equitable that the judgment should have
    prospective application; or (6) any other reason justifying relief from the
26  operation of the judgment.

27         [4]  Under former § 1915(d), federal courts were authorized to dismiss a claim filed in
28  forma pauperis prior to service "if the allegation of poverty is untrue, or if satisfied that the
    action is frivolous or malicious."

United States District Court

For the Northern District of California

1    It is not clear whether dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim is

2    res judicata for all further purposes, where leave to amend has been granted but the

3    plaintiff has failed to file an amended complaint.  The Ninth Circuit applies the same de

4    novo standard in reviewing a dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) as it does in

5    reviewing a dismissal under Fed. R. Civ. P. 12(b)(6), Barren v. Harrington, 152 F.3d 1193,

6    1194 (9th Cir. 1998), and the same considerations are required by the district courts in

7    determining whether to dismiss under either standard.  Since a dismissal for failure to state

8    a claim under Rule 12(b)(6) is a judgment on the merits, see Federated Dep't Stores, Inc.

9    v. Moitie, 452 U.S. 394, 399, n. 3 (1981), the same may well be true of a dismissal for

10   failure to state a claim under § 1915(e)(2)(B)(ii).  See Moore's Federal Practice (3d ed.

11   2006) § 12.34[7][f].

12   The Ninth Circuit has made clear that leave to amend is to be afforded equally to pro

13   se plaintiffs proceeding in forma pauperis and on a fee-paid basis.  Lopez, 203 F.3d at

14   1128.  The court granted leave to amend in this case based on a finding that plaintiff might

15   be able to state a claim as to at least some of the asserted causes of action by the

16   allegation of additional facts, as explained in the December 12, 2006, order.  Because the

17   court granted leave to amend, and dismissed the action only after plaintiff failed to file an

18   amended complaint (despite having been repeatedly warned that dismissal would result

19   from such failure to amend), there appears to be no basis for plaintiff's assertion of

20   "judicial/clerical bias."

21   In accordance with the foregoing, the court finds that plaintiff's motion for

22   reconsideration and motion to vacate the judgment must be DENIED.  The date for the

23   hearing on the motion, previously set for March 28, 2007, is VACATED.

24

25   **IT IS SO ORDERED.**

26   Dated: February 23, 2007

27                                                    _____
                                                     PHYLLIS J. HAMILTON
28                                                    United States District Judge

9